# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

### No. 24-4433

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> <u>**JOHN ELWOOD TYRONE MARTIN**</u> | **Motion for Summary Disposition, in part, and to Dismiss Appeal and for Suspension of Briefing Schedule** |

The United States moves for summary disposition, in part, on the grounds that Defendant's appeal exceeds the scope of this Court's mandate. Defendant challenges the district court's denial of his motion to withdraw his guilty plea. But Defendant waived the right to challenge his conviction and that issue exceeds the limited scope of this Court's remand.

The United States also moves to dismiss the remaining sentencing claims in Defendant's appeal on the grounds that he expressly agreed to waive his right to appeal them in his written plea agreement.

### Motion for Summary Disposition

The government moves for summary disposition, in part, under Local Rule 27(f)(1)–(2). This is Defendant's second appeal. The only issue Defendant raised in his first appeal was that the district court's oral pronouncement of his sentence was inconsistent with the written judgment under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). No. 22-4619, D.E. 15 at 6. The government conceded *Rogers* error, and Defendant and the government filed a joint motion

*to affirm his conviction*, vacate the judgment, and remand for resentencing. 22-4619, D.E. 20. This Court granted the motion and Defendant was resentenced. No. 22-4619, D.E. 22, D.E. 23.

In this second appeal, Defendant now challenges his conviction, arguing that the district court abused its discretion in denying Defendant's motion to withdraw his guilty plea. Brief at 53–58. Defendant waived any opportunity to raise this issue when he: (1) failed to raise this issue in his first appeal, and (2) asked this Court to affirm his conviction in the joint motion for remand. This issue also exceeds the scope of the remand ordered by this Court.

A party waives "any issue that could have been but was not raised" before the appellate court. *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) (internal quotation marks omitted). Thus, a waived issue has not been tendered to the appellate court for decision and, by extension, is "not remanded" to the district court, even if other issues are returned to the lower court. *Id.*; *United States v. Boadu*, 637 F. App'x 740, 742 (4th Cir. 2016) (unpublished). Consequently, "where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." *Omni Outdoor Adver. v. Columbia Outdoor Adver.*, 974 F.2d 502, 505 (4th Cir. 1992) (internal quotation omitted); *see also Boadu*, 637 F. App'x at 742.

Furthermore, "[t]he mandate rule governs what issues the lower court is permitted to consider on remand—it is bound to carry out the mandate of the higher court, but may not reconsider issues the mandate laid to rest." *United States v. Susi,* 674 F.3d 278, 283 (4th Cir. 2012). The rule "forecloses litigation of

2

issues . . . foregone on appeal or otherwise waived." *United States v. Pileggi*, 703 F.3d 675, 679 (4th Cir. 2013).

Here, Defendant did not raise the denial of his motion to withdraw his guilty plea in his first appeal. And he conceded in the joint motion for remand that his conviction should be affirmed. Therefore, it was waived. It also falls outside the scope of this Court's mandate, which affirmed Defendant's conviction and remanded only for resentencing. No. 22-4619, D.E. 22. As this Court has recognized, Defendant is foreclosed from challenging his conviction in this second appeal. *Pileggi*, 703 F.3d at 679. Therefore, it is "in fact manifestly unsubstantial and appropriate for disposition by motion." Local Rule 27(f)(1)–(2). This Court should grant summary disposition on Defendant's plea withdrawal claim.

## Motion to Dismiss

This Court should enforce the appellate waiver in Defendant's plea agreement as to his remaining claims. In the plea agreement, Defendant agreed:

> To waive knowingly and expressly the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by the law.

3

J.A. 313.

On appeal, Defendant argues that the district court incorrectly calculated his guidelines range. Brief at 39–53; 59–66. These claims are within the scope of Defendant's appellate waiver. This Court will enforce an appellate waiver "if the waiver is valid and the issue sought to be appealed falls within the scope of the waiver." *United States v. Cohen*, 459 F.3d 490, 494 (4th Cir. 2006). In assessing the validity of an appellate waiver, this Court considers "whether the defendant knowingly and intelligently agreed to waive the right to appeal, an inquiry ultimately . . . evaluated by reference to the totality of the circumstances." *Id.* (citations and internal quotation marks omitted).

Defendant waived any challenge to his plea agreement in his first appeal. The appellate waiver is "unambiguous" and "plainly embodied in the plea agreement." *See United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002). Defendant presents no claim that falls outside the scope of the waiver. Because "the waiver is valid and the issue[s] sought to be appealed fall[] within the scope of the waiver," the appeal should be dismissed. *Cohen*, 459 F.3d at 494. Additionally, the briefing schedule should be suspended until the request to dismiss is resolved.

Defense counsel opposes dismissal but does not oppose suspension of the briefing schedule.

4

The United States respectfully requests that the Court dismiss Defendant's appeal and suspend briefing until this motion to dismiss is resolved.

Respectfully submitted this 24th day of January, 2025.

MICHAEL F. EASLEY, JR.
*United States Attorney*

*/s/ Katherine S. Englander*
KATHERINE S. ENGLANDER
*Assistant United States Attorney*
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Telephone: (919) 856-4530

CERTIFICATE OF COMPLIANCE

1. Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I hereby certify that this document meets the type-volume limits of Rules 27(d), 35(b)(2), and/or 40(b) because, exclusive of the portions of the document exempted by Rule 32(f), this document contains <u>960</u> words.

   (Filings are not to exceed 5,200 words for a motion or response and 2,600 words for a reply, pursuant to Rule 27(d), or 3,900 words for a petition for panel rehearing or rehearing en banc, pursuant to Rules 35(b)(2) and/or 40(b)).

2. Further, this document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in Microsoft Word 2016 using fourteen-point Calisto MT typeface.

<u>/s/ Katherine S. Englander</u>
KATHERINE S. ENGLANDER
*Assistant United States Attorney*